# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARD BERRY,<br><br>    Plaintiff,<br><br>v.<br><br>LAS VEGAS MUNICIPAL COURT,<br><br>    Defendant. | Case No. 2:17-cv-00303-JAD-CWH<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the court on Nevada state-prison inmate Edward Berry's application to proceed *in forma pauperis* (ECF No. 1), filed on January 31, 2017. Berry brings a lawsuit under 42 U.S.C. § 1983 for violation of his Fifth, Sixth, and Fourteenth Amendment rights, alleging that his conviction and resulting sentence in Nevada state court were invalid. (Compl. (ECF No. 1-1).) Berry alleges that he did not receive adequate representation and that no evidence exists to support his conviction and incarceration. *Id.*

**I.    *IN FORMA PAUPERIS* APPLICATION**

Berry submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the court will grant Berry's request to proceed *in forma pauperis*. The court now screens Berry's complaint.

**II.    SCREENING**

Courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act

requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Berry seeks damages under 42 U.S.C. § 1983 for violation of his constitutional rights in the state court criminal proceedings. If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114).

Berry's complaint directly attacks the validity of his criminal conviction. But Berry does not allege his conviction or sentence has been reversed or otherwise invalidated. Although Berry filed a *habeas* case in this court, the case was dismissed in 2016 for failure to pay the filing fee. *See Berry v. Williams*, No. 2:16-cv-02344-APG-GWF. Given that this §1983 claim necessarily implies the invalidity of Berry's conviction or sentence, the court will recommend that Berry's complaint be dismissed without leave to amend.

### III.   CONCLUSION

IT IS THEREFORE ORDERED that Berry's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Berry will not be required to pay the filing fee in this action. Berry is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the clerk of court must file Berry's complaint (ECF No. 1-1).

IT IS RECOMMENDED that Berry's complaint be DISMISSED, with prejudice, for failure to state a claim upon which relief can be granted.

### IV.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 20, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE